CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUL 3 1 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAY BROWN,<br>    Plaintiff, | )<br>)<br>) | Civil Action No. 7:09-cv-00277 |
| v. | )<br>) | **MEMORANDUM OPINION** |
| SAM YOUNG, et al.,<br>    Defendants. | )<br>)<br>) | By: Hon. James C. Turk<br>Senior United States District Judge |

Jay Brown, a Virginia prisoner proceeding pro se, filed a "complaint for preliminary restraining order, permanent injunction" for violations of his civil rights. Because plaintiff complains that the defendants are violating constitutionally protected rights, the court also construes and files the complaint as one brought under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested in 28 U.S.C. § 1343. Brown names a warden and a regional grievance administrator as defendants. Brown complains that he is subject to racism and sexual harassment. After screening Brown's submission, the court denies the motion for a temporary restraining order and injunction and dismisses the complaint, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Brown alleges the following facts. A correctional officer made several unsolicited comments about Brown's genitals and sexual ability on May 29 and June 5, 2009. (Compl. 2.) Brown and other inmates filed a complaint to the Governor of Virginia, and the correctional officer subsequently told Brown that he would be "dealt with." (Id. 3.) Brown states he is in fear of his impulses to defend himself from the officer. Brown requests an order to keep the officer away from him.

II.

The issuance or denial of a preliminary injunction or a temporary restraining order "is committed to the sound discretion of the trial court." Quince Orchard Valley Citizens Ass'n, Inc v. Hodel, 872 F.2d 75, 78 (4th Cir. 1989). The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir.1980). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The court may issue a temporary restraining order without notice to the adverse party only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the complainant before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A). The complainant's attorney must certify in writing any effort made to give notice to the other party and the reasons why notice should not be required. Id. at 65(b)(1)(B). The court will issue an injunction only if the plaintiff makes a strong showing that irreparable harm will occur if the injunction is denied. Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 (4th Cir. 2002) (citing Safety-Kleen, Inc. (Pinewood) v. Wyche, 274 F.3d 846, 859 (4th Cir. 2001)). The court then applies the balance of hardship test by examining the following three factors: (1) the likelihood of harm to the defendant with an injunction; (2) the plaintiff's likelihood of success on the merits; and (3) the public interest. Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 194 (4th Cir. 1977); see Commonwealth of Virginia v. Kelly, 29 F.3d 145, 147 (4th Cir. 1994) (applying Blackwelder test

2

for temporary restraining order).

After reviewing the record, the court cannot find that Brown makes a strong showing that he will suffer immediate or irreparable harm if the injunction is denied. Brown's reliance on labels and conclusions does not explain events or circumstances that lead the court to believe he is subject to any imminent threat of harm or experienced any actual harm. Furthermore, the court cannot find that Brown demonstrates a substantial likelihood of success on the merits of any claim. While certain prison conditions or prison official's acts may give rise to a civil rights action, the conditions Brown describes do not rise to an actionable claim to warrant issuing a temporary restraining order or other equitable relief. See West v. Atkins, 487 U.S. 42 (1988) (holding a plaintiff must allege facts indicating that he has been deprived of a right guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law). When a defendant makes comments that may constitute verbal abuse or harassment, those comments alone do not rise to the level of an Eighth Amendment violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim); Morrison v. Martin, 755 F.Supp. 683, 687 (E.D. N.C. 1990) (same). The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate

3

constitutional rights); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A [§]1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."). The law is clear that mere "threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations." Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973). Therefore, Brown fails to show a substantial likelihood of success and fails to state a claim upon which relief may be granted. Accordingly, the court denies Brown's motion for a temporary restraining order and dismisses the complaint.

III.

For the foregoing reasons, the court denies Brown's motion for a temporary restraining order and injunction and dismisses the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 31th day of July, 2009.

*/s/ James C. Turk*
Senior United States District Judge